RECEIVED
DEC 23 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Connie Fix, et al                                    Civil Action 6:08-1657

versus                                               Judge Tucker L. Melançon

Capital One Financial Corp., et al                   Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is plaintiffs', Connie Fix and Kevin Fix, Motion To Remand [Rec. Doc. 6]. Defendants, Capital One Financial Corporation, Capital One Bank, NA and St. Paul Fire and Marine Insurance Company, ("defendants")removed this action from the Fourteenth Judicial District for the Parish of Calcasieu, State of Louisiana on November 4, 2008 under 28 U.S.C. § 1332 (a). *R. 1*. Plaintiffs attached in their motion to remand a sworn Affidavit stating that "the matter in controversy in this matter, exclusive of interest and costs, does not exceed the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00)." Defendants filed an opposition to the motion to remand arguing that the post removal stipulation does not deprive the Court of jurisdiction, but rather may be considered only if the basis for jurisdiction is ambiguous at the time of the removal. *R. 8*.

The party invoking federal subject matter jurisdiction bears the burden of establishing that jurisdiction. *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). When federal jurisdiction is premised upon diversity, the burden involves establishing that the jurisdictional amount requirement of a sum in excess of $75,000.00, exclusive of interest and costs, is satisfied. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "A case may be removed unless it appear[s] to a legal

certainty that the claim is ... for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir.1993)(quoting *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.* 988 F.2d 559, 565-566 (5th Cir.1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998)).

To support federal jurisdiction over this case, defendants have not offered any facts to support its valuation of plaintiffs' claims. Plaintiffs have filed a sworn Affidavit stipulating that "nothing in excess of $75,000.00 in damages will be sought in state court." *Affidavit of Connie Fix and Kevin Fix*, ¶ 3.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.); *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999). "The jurisdictional facts that support removal must be judged at the time of the removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia* at 883 (internal citations omitted).

In determining the amount in controversy, the complaint is first examined to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1253. If the amount is not apparent, the court may rely on "summary judgment-type" evidence in determining the amount in controversy. *Id.* The removing party does not satisfy the burden of establishing jurisdiction when: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *ANPAC*, 988 F.2d at 566.

Plaintiffs filed this action alleging a claim for damages in tort against defendants when Connie Fix tripped and fell in a Capitol One parking lot which resulted in "serious and disabling injuries to her right hand" that required corrective surgery. *R. 1, Plaintiffs' Petition*, ¶¶ 5, 9. Defendants argue that plaintiffs' allegations support the removal of this case to Federal Court. *R. 8*. Plaintiffs have now contested removal with their own sworn, unrebutted Affidavit indicating that the requisite amount in controversy is not present. In light of the record before the Court the basis for jurisdiction was ambiguous at the time of removal. Defendants have failed to carry their burden of showing by a preponderance of the evidence that plaintiff's claims against them necessarily involve an amount in controversy greater than $75,000.00. Accordingly, plaintiffs' motion to remand will be granted on the grounds that the Court is without jurisdiction over the subject matter of this action.